## YOUNGSTOWN (city) v CRAVER et

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 6, 1933

U. F. Kistler, Law Director, Youngstown, for plaintiff in error.

J. H. Leighninger, Prosecuting Attorney, Youngstown, for defendants in error.

### OPINION

By FARR, J.

This cause is here on error. The action in the court below was for an injunction to restrain the Board of Elections from placing on the ballot at the next election a proposition submitting to the people of the City of Youngstown the question of whether they will repeal their city charter or not.

On the 12th day of September, 1933, 133 initiative petitions were sent from the Clerk of the City of Youngstown to the Board of Elections of Mahoning County, Ohio, and these petitions purported to contain 5778 signatures. A copy of this petition is attached to the plaintiff's petition in this case.

The petition is what is known as an initiative petition, and, as before said, calls for the submission of the proposition in question to the voters of the city of Youngstown. Youngstown became a charter city by vote of the people in 1923, and since that time the city government has been conducted under and by virtue of the charter. About one year since an action in mandamus was brought to test the right of the people of the city to vote on the abandonment of the charter. The cause came before the Court of Appeals, and due to a defect in the petitions they were held to be invalid. However, the question of the right to submit the proposition of the repeal of the charter of the abandonment of the charter was passed upon by the court at that time, and it was held that such right obtained in behalf of persons desiring to have such proposition submitted.

In this case there is no question about the regularity of the proceedings thus far, but in this instance the action is brought by the city to restrain the Board of Elections from placing this proposition upon the ballot and from incurring the expense incidental to the same.

Upon the former hearing of the question of the right of submission, the opinion was prepared by my associate, Judge Pollock, and after the submission of this cause at a recent sitting of the court, occasion was taken to carefully examine the opinion of Judge Pollock reflecting upon the right of the people of the city to abandon their charter form of government and recede to the statutory form, or the form which existed prior to the adoption of the charter.

Upon a re-reading of the opinion of Judge Pollock, relating to the right of the people to have submitted to them the proposition in question, I am more fully convinced than formerly that the conclusion of the court was right in the former case.

The facts are well known to counsel and parties in this matter, and it would seem to be a needless waste of time to rehearse the facts and to review the cases and authorities reflecting upon the same. The court has concluded that upon the authority of the former holding of this court that it again holds that there is the right inherent in the people to have submitted to them the question of the abandonment of the charter, as before stated.

The court below found in favor of the defendants and held that it would not restrain the Board of Elections from placing this proposition upon the ballot. It therefore follows that the judgment of the court below must be affirmed, and it is so ordered.

Judgment affirmed.

POLLOCK and ROBERTS, JJ, concur in the judgment.